UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNTIED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JARRAIL LAMONT SMITH,<br><br>Movant. | No. 2:15-cr-0188 TLN KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

By order filed June 20, 2019, movant was ordered to show cause, within thirty days, why his failure to oppose respondent's motion to dismiss should not be deemed a waiver of any opposition to the granting of the motion, and was warned that failure to respond or to file an opposition to the pending motion to dismiss would result in a recommendation that his action be dismissed. The thirty-day period has now expired, and movant has not shown cause, filed an opposition to respondent's motion, or otherwise responded to the court's order.

On May 5, 2016, without a plea agreement, movant pled guilty to two counts of transportation of a minor with intent to engage in prostitution. Movant was sentenced on August 4, 2016, and his judgment of conviction was entered on August 5, 2016. Movant did not file an appeal. When a prisoner does not take a direct appeal from his conviction, the conviction becomes final when the time for filing a notice of appeal expires. See United States v. Gilbert, 807 F.3d 1197, 1199 (9th Cir. 2015); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a

defendant's notice of appeal must be filed in the district court within 14 days . . . of the entry of either the judgment or the order being appealed."). Thus, movant's sentence became final on August 19, 2016, fourteen days after judgment was entered.

A one-year "period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

Here, the limitations period began to run on August 20, 2016, and expired on Sunday, August 20, 2017. Thus, movant had until Monday, August 21, 2017, in which to file a timely § 2255 motion. However, movant signed his § 2255 motion on November 10, 2018,[1] over a year and two months after the limitations period expired. In addition, as argued by respondent, movant fails to allege any facts that would excuse movant's delay under 28 U.S.C. § 2255(f). (ECF No. 49 at 7-9.) Indeed, movant wholly failed to oppose respondent's motion to dismiss.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 49) be granted; and

2. Movant's motion under 28 U.S.C. § 2255 (ECF No. 38) be denied as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); see also Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001) ("The same [mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts.").

service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 9, 2019

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/smit0188.mtd