UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JARRAIL LAMONT SMITH,<br><br>Defendant. | No. 2:15-cr-00188-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Jarrail Lamont Smith's ("Defendant") Motion for Compassionate Release. (ECF No. 54.) The Government filed an opposition. (ECF No. 57.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On May 5, 2016, Defendant pleaded guilty to two counts of transportation of a minor with intent to engage in prostitution in violation of 18 U.S.C. § 2423(a).  (ECF No. 26.)  On August 4, 2016, the Court sentenced Defendant to a 180-month term of imprisonment to be followed by a 120-month term of supervised release.  (ECF No. 34.)  Defendant is currently serving his sentence at FCI McDowell.  He has served approximately 74 months of his 180-month sentence of imprisonment, and his projected release date with good conduct time is October 17, 2028.  (*See* ECF No. 57-1.)

On October 18, 2021, Defendant filed the instant *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1]  (ECF No. 54.)  Defendant requests the Court reduce his term of imprisonment to time served due to his purported vulnerability to COVID-19.  (*Id.*)

**II.   ANALYSIS**

    A.   Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant made requests to the warden in July and October 2020.  (ECF No. 57 at 5.)  Because more than 30 days have elapsed since Defendant's requests, Defendant has met the exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

---

[1] To the extent Defendant also challenges the conditions of his confinement, venue for an Eighth Amendment claim is improper in the Eastern District of California.  *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  Because Defendant is confined in FCI McDowell, his complaints about the conditions of his confinement must be brought in the Southern District of West Virginia.

B.       Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  The Ninth Circuit explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*  Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. (1)(A).  More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the ageing process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant's medical records — filed under seal by the Government — indicate he suffers from essential (primary) hypertension and that he was treated for a carbon monoxide exposure from a gas leak in August 2021.  While it unclear whether Defendant suffered any effects from the carbon monoxide poisoning that would increase his vulnerability to COVID-19, the Centers for Disease Control and Prevention does state hypertension "possibly" makes an individual more likely to get severely ill from COVID-19.  *See* CDC, Coronavirus Disease 2019 (COVID-19), *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 17, 2021).  However, Defendant's medical records indicate he previously contracted and recovered

3

from COVID-19 without symptoms and is now fully vaccinated against COVID-19, which greatly reduces his vulnerability to the disease.[2]  (ECF No. 31 at 13.)  Moreover, there are currently zero active inmate cases of COVID-19 at Defendant's facility.  Federal Bureau of Prisons, *COVID-19 Coronavirus*, available at https://www.bop.gov/coronavirus/ (last visited November 17, 2021).  As a whole, Defendant's arguments about COVID-19 are too general and speculative at this time.

Accordingly, the Court finds Defendant has not demonstrated "extraordinary and compelling" reasons for his release.

### C.   18 U.S.C. § 3553(a) Factors

Even if the Court found "extraordinary and compelling" reasons for Defendant's release, the Court would nonetheless deny Defendant's motion based on the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors.  *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release).  In requesting a time served sentence, Defendant is seeking a reduction from a well-supported, 180-month sentence to a considerably lower 74-month sentence.  Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction.  Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears the BOP has thus far been capable of adequately addressing Defendant's medical needs.  Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 180-month sentence.

///
///
///
///
///

---

[2]  Although some fully vaccinated people will have a breakthrough infection and experience illness, "[t]he COVID-19 vaccines approved or authorized in the United States are highly effective at preventing severe disease and death, including against the Delta variant."  Centers for Disease Control and Prevention, *Delta Variant: What We Know About the Science*, https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html (last visited November 17, 2021).

4

### III.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release.  (ECF No. 54.)

IT IS SO ORDERED.

**DATED:  November 18, 2021**

Troy L. Nunley
United States District Judge